## ROY NEBLETT v. THE STATE.

### No. 3143.  Decided February 8, 1905.

**Maiming—Indictment.**

An indictment for maiming which alleges that N. did then and there unlawfully make an assault upon M., and did then and there unlawfully and wilfully and maliciously set fire to a certain device, known as a cannon cracker, which said cannon cracker was then and there being held by said M. in his hand, and said cannon cracker immediately after it was set on fire and because it was set on fire by said N. as aforesaid exploded and destroyed the said M's hand, and then and there and thereby the said N. deprived the said M. of his hand, thereby maiming him, is sufficient.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

Appeal from a conviction of maiming; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Martin & George,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of maiming, and his punishment assessed at confinement in the penitentiary for a term of two years. The indictment contains two counts, but the court limited

the consideration of the jury to the first count, the charging part of which is as follows: that appellant on December 29th, 1903,   *   *   * "did then and there unlawfully make an assault upon H. Muffson, and did then and there unlawfully, wilfully and maliciously set fire to a certain device, known as a cannon cracker, which said cannon cracker was then and there being held by said H. Muffson in his hand, and said cannon cracker immediately after it was set on fire, and because it was set on fire, by the said Roy Neblett as aforesaid, exploded and destroyed the said H. Muffson's hand, and then and there and thereby the said Roy Neblett deprived the said Muffson of his hand, thereby maiming him." Appellant filed a motion in arrest of judgment, on the ground that the malicious and wilful act of defendant is not made to apply to the act of maiming; but the pleader merely charges that defendant maliciously, wilfully, etc., set fire to a cannon cracker: "This is not an allegation by affirmative averments, or even by implication, that he maliciously deprived the injured person of his hand. If the pleader had described the character of the cannon cracker as being a dangerous device and charged that defendant knew its character, and that he maliciously set it on fire with the knowledge of its character, and with the intention and purpose to have the same explode and destroy the injured party's hand, such averments might be sufficient; but no such averments are made, and no other allegations are made that would necessarily show defendant knew at the time he set fire to the cracker what the consequence would be, or that he intended such consequences, and that he wilfully, unlawfully or maliciously purposed the destruction of said Muffson's hand."

The indictment to all practical purposes is a facsimile copy of the form laid down in White's Annotated Penal Code, sec. 1068, and in our opinion charges that the hand was blown off wilfully and maliciously. Appellant's criticisms are not well taken. The indictment as a whole shows that the pleader is charging appellant with wilfully and maliciously blowing off the hand of the injured party. For collation of authorities, see White's Ann. P. C., sec. 1068, supra, and particularly see Davis v. State, 22 Texas Crim. App., 45.

The charge of the court is correct.

No error appears in the record. The judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.

[Motion for rehearing overruled without written opinion.—Reporter.]