### Maria Cole v. The State.

No. 1158. Decided May 3, 1911.

Rehearing Denied June 7, 1911.

**1.—Maiming—Indictment.**

Where in a prosecution for maiming the indictment was in the language of the statute and approved form, the same was sufficient.

**2.—Same—Evidence—Acts of Intimacy.**

Where, upon trial of maiming, the record showed on appeal that the defendant justified her conduct on the theory that the prosecuting witness had attempted to commit rape upon her and that she attempted to cut off his penis, there was no error in admitting testimony showing prior intimacy between defendant and the injured party; the prosecuting witness testifying that he had had voluntary sexual intercourse with defendant twice just before the alleged offense.

Appeal from the District Court of Burleson. Tried below before the Hon. Ed R. Sinks.

Appeal from a conviction of an assault with intent to maim; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

Leaving out formal parts, the indictment charged that Maria Cole, on or about the 14th day of October, one thousand nine hundred and ten, and anterior to the presentment of this indictment, in the county of Burleson and State of Texas, did then and there unlawfully make an assault in and upon Jim Hadley, with the intent then and there of maiming the said Jim Hadley, by then and there attempting to cut off the penis of the said Jim Hadley, against the peace and dignity of the State.

*Jesse Garrett* and *L. O. Fraime* and *Batte & Minkert,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was convicted in the District Court of Burleson County under an indictment charging her with an assault in and upon one Jim Hadley with the intent of maiming the said Jim Hadley by attempting to cut off his penis, and her punishment was assessed at confinement in the penitentiary for a term of two years.

The evidence offered in behalf of the State shows that the injured party, Jim Hadley, and the defendant had been very intimate and had been having carnal intercourse with each other for some time; that Jim Hadley had ceased paying attention to the defendant and had

taken up with another negro woman by the name of Hattie Tarkel; that upon the day of the injury he went by the house of the defendant and engaged in conversation with her; that defendant requested Hadley to come back to her house that night and go into the woods with her for the purpose of having carnal intercourse; that he did go back, and with the defendant went about a mile from defendant's home; that they laid upon the ground and had two acts of carnal intercourse; that the defendant then asked Hadley if he still had the Tarkel woman for his sweetheart, and asked him how long it had been since he had been with her; that Hadley replied that he had been with her about two weeks prior thereto; that while defendant was rubbing him she took a razor and nearly cut off his penis, and said to him, "Now go take Hattie Tarkel." The defendant testified in her own behalf that the reason she cut Hadley's penis was that he was trying to rape her.

Article 604 of the Penal Code reads: "If any person shall assault another with the intent to commit the offense of maiming, disfiguring or castration, he shall be punished by a fine not exceeding $1,000, or by imprisonment in the penitentiary not less than two nor more than five years."

Maiming under our statute, as applicable to this case, is defined to be the wilful and malicious intent of depriving a person of any member of his body.

The appellant requested no special instructions, and the court correctly charged the jury the law applicable to this case. There is no motion for a new trial in the record, but there is a motion to quash the indictment, which the court overruled. The indictment is in the language of the statute; and informed defendant with the nature of the offense of which she was charged, and is in the language of Willson's Criminal Forms, and the court did not err in overruling the motion.

There are two bills of exception in the record in regard to the admissibility of certain testimony showing intimacy between defendant and the injured party. Appellant justified her conduct on the theory that the prosecuting witness had attempted to commit the offense of rape on her, and denied ever having had carnal intercourse with the witness. The prosecuting witness denied the assault and testified to numerous acts of carnal intercourse with her, and that the night the offense is alleged to have been committed he went at her request to an appointed place, and twice had sexual intercourse with her prior to the commission of the alleged offense. The testimony objected to, we think, was admissible on the question of whether or not her statement was true that she had never had carnal intercourse with the injured party, and that he attempted to ravish her.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 7, 1911.—Reporter.].