R. S. RUCKER v. THE STATE.

No. 14748.  Delivered May 4, 1932.
Rehearing Denied June 8, 1932.
Reported in 50 S. W. (2d) 305.

The opinion states the case.

*Houtchens & Houtchens* and *J. Harold Craik,* all of Fort Worth, for appellant.

*Cecil Rotsch,* Asst. Dist. Atty., and *Stanley Bransford,* Asst. Dist. Attorney, both of Fort Worth, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is unlawfully carrying a pistol; the punishment, a fine of $100.

Officers arrested appellant on a street in the city of Fort Worth while he was sitting in his automobile. They took appellant and the car to the city hall, where a search was instituted. They found on appellant's person, underneath his shirt, a loaded pistol. In the automobile they found a quantity of whisky.

Appellant testified that he was carrying the pistol to a gunsmith for the purpose of having it repaired. He admitted that he was not traveling the most direct route to the gunsmith's place of business, but declared that he had gone a different route at the instance of certain men who were endeavoring to force him to settle a claim he had against the gas company. Appellant denied that there was any whisky in the automobile. A gunsmith testified that he had arranged with appellant to repair the pistol.

The testimony of the state was to the effect that the pistol was in working order and needed no repairs. The gunsmith testified that the pistol would shoot.

Bills of exception 1, 2 and 7 relate to appellant's objection to the testimony touching the finding of whisky in the automobile at the time appellant was in possession of the pistol. It was not contended by appellant that the search of his car was illegal. The contention was made that the testimony was irrelevant and immaterial because he was not charged with transporting or possessing intoxicating liquor for the purpose of sale. The testimony as to the liquor found in the car was not introduced by the state in chief. After appellant had taken the witness stand and testified that he was carrying the pistol to a gunsmith for the purpose of having it repaired, the state proved by the officers that appellant was carrying whisky in his automobile along the street. It was evidently the theory of the state that the testimony touching the transportation of intoxicaing liquor was admissible to rebut the defensive theory that the pistol was being carried to a gunsmith. In other words, it was the theory of the state that appellant was carrying the pistol for the purpose of protecting himself against interference on the part of officers while he was illegally transporting whisky. We are unable to agree with appellant that this testimony was not relevant. In his Annotated Penal Code, sec. 97, Mr. Branch defines relevancy as follows: "Relevancy is defined to be that which conduces to the proof of a pertinent hypothesis—a pertinent hypothesis being one which, if sustained, would logically influence the issue. Hence it is relevant to put in evidence any circumstances which tends to make the proposition at issue either more or less probable." See McGuire v. State, 10 Texas App., 127; Lane v. State, 73 Texas Crim. Rep., 266, 164 S. W., 378, 380.

It is the general rule that whenever material facts are introduced that tend to affect the issue, the other side is authorized to deny, contradict or explain such facts, showing their falsity, or breaking their force and effect in any legitimate way. Branch's Annotated Penal Code, sec. 97; Cole v. State, 62 Texas Crim. Rep., 270, 138 S. W., 109; Barnes v. State, 53 Texas Crim. Rep., 628, 111 S. W., 943. The testimony in question tended to rebut appellant's defensive theory.

Bill of exception No. 3 is concerned with the action of the court in permitting the district attorney to elicit from appellant on cross-examina-

tion that he had been indicted on November 5, 1929, for possessing intoxicating liquor for the purpose of sale. Appellant objected on the ground that the testimony was irrelevant and immaterial. This indictment concerning which inquiry was made did not grow out of the transaction for which appellant was on trial. This testimony was admissible, coming from appellant on cross-examination, for the purpose of impeachment. Branch's Annotated Penal Code, sec. 167; Ellis v. State, 69 Texas Crim. Rep., 468, 154 S. W., 1010, 1012.

Appellant testified, as disclosed by bill of exception No. 4, that three men who were attempting to compel him to sign a certain paper caused him to divert from the most direct route in taking the pistol from his home to the repair shop. He was then asked by his counsel if he knew whether the papers were connected with the damage suit he brought. He replied in the affirmative. An objection by the state to this testimony was sustained. Appellant was then asked by his counsel whether or not he had had considerable trouble with reference to the damage suit people. He answered: "Yes, a number of times." The state's objection to this question and answer was sustained. The question and answer were not withdrawn from the jury. The jury were retired and appellant testified before the court, for the purpose of perfecting his bill of exception, that persons purporting to represent the gas company had interviewed him a number of times while his damage suit against the company was pending; that his lungs, eyes and ears were affected; that he had filed a damage suit against the gas company, which was still pending at the time the arrest was made; that certain parties had attempted to compel him to sign papers pertaining to his damage suit; that three men had come to him and threatened him shortly prior to his arrest. It is recited in the bill of exception that the court refused to permit this testimony to go to the jury. In bill of exception No. 5 it is recited that appellant testified that three men stopped him on Houston street immediately prior to his arrest and had compelled him to divert from the most direct course from his home to the repair shop. It is further recited that appellant related to the jury the conversation he had with these men. It is shown in the statement of facts, on page 8, that appellant testified fully to the fact that he had a damage suit pending against the gas company at the time of his arrest, and that certain men had attacked him in an effort to make him sign some papers in relation to his suit. Again, on page 9 of the statement of facts, it is shown that appellant testified to substantially the same matters. We think it is clear, when bills of exception 4 and 5 are considered together, that the court permitted appellant to testify fully concerning his suit against the gas company, and the alleged effort on the part of certain persons to compel him to enter into a compromise. We do not understand that appellant was entitled to go into further detail in the matter.

Many bills of exception relate to the argument of the district attorney.

We deem it necessary to notice but one of these bills. Bill of exception No. 17 recites that the district attorney, in his closing argument, used language as follows: "As that little baby girl stood there by his side while he was testifying to what I know to be a falsehood, I though then that I am sorry for her that this is taking place."

Appellant objected to the argument on the ground that it was improper, inflammatory and prejudicial. It is stated in the bill that the court overruled the objection. Further, it is stated that the argument was not invited. It is not shown in the bill of exception whether the district attorney referred to appellant or to some other witness, the name of the person to whom the district attorney was referring not being disclosed by the bill of exception. It is not shown whether the witness whom the district attorney referred to was a state's witness or a defense witness. It is not shown whether this witness, if a defense witness, had given testimony material to appellant. The bill of exception is manifestly insufficient, and in the condition in which it appears in the record we are unable to appraise it.

Appellant presented several special requested instructions covering his affirmative defense. It does not appear that appellant filed any objections to the court's charge. An examination of the charge discloses that the court charged affirmatively on every defensive issue raised by the evidence. The special charges appear to cover practically the same subjects embraced in the charge of the court, except special charge No. 6, which would have advised the jury that appellant had the right to carry the pistol if he believed his life was in danger and was carrying it for the purpose of protecting himself. We deem it unnecessary to determine whether this charge was correctly drawn, or whether it embraced a correct proposition of law. Appellant's only contention was that he was carrying the pistol to the gunsmith for the purpose of having it repaired.

An examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that our holding in this case is directly contradictory to what we held in Wortham v. State, 95 Texas Crim. Rep., 135, 252 S. W., 1063. We cannot agree to the correctness of this. In the Wortham case he defended on the ground that he was a traveler. Proof that he had whisky in his automobile was objected to on the ground that it in nowise tended to show him not a

traveler. We held the contention to be sound. In the instant case appellant testified that he got a pistol from his brother on Fourteenth street in Fort Worth for the purpose of carrying it out to a gunsmith on Sycamore street southeast of Fort Worth. When arrested appellant was nine blocks north of Fourteenth street and in an almost entirely opposite direction from where he said the gunsmith lived. When arrested he was found to have a pistol loaded all around, concealed under his shirt. As illustrating the falsity of a claim that he had gotten the pistol and was taking it from where he got it to where the gunsmith lived, the state was entitled to show him in possession of a quantity of liquor which he had in his car. The state did not introduce this proof as a part of its original case, but in rebuttal to appellant's claim that his purpose in having the pistol was to take it out to the gunsmith for repair. The state showed that the pistol was in shooting condition and was loaded, and, as strengthening its position, manifested by the cross-examination of the appellant by the state's attorney, in effect, that appellant was engaged in the illegal business of transporting liquor, and was carrying the pistol in furtherance of an illegal design, we think the state properly permitted to prove that he had a quantity of whisky in his car.

The motion for rehearing will be overruled.

*Overruled.*