(No. 25971.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH J. KOPKE *et al.* Plaintiffs in Error.

*Opinion filed February 18, 1941—Rehearing denied April 8, 1941.*

WM. SCOTT STEWART, for plaintiffs in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Plaintiffs in error, Joseph J. Kopke and Henry Hlavacek, were convicted in the criminal court of Cook county of assault with intent to maim one Mikolajczyk, and sentenced to imprisonment in the penitentiary. They have sued out this writ of error.

The facts as shown by the record are substantially as follows: The complaining witness was working in the back room of a butcher shop at 3708 West Twenty-sixth street. About 10:00 A. M., plaintiffs in error, who were representatives of the Butchers' Union, came into the shop and asked the owner if they might go into the back room, and upon receiving permission went back to where Mikolajczyk was working. What happened is disputed. Mikolajczyk testified Kopke wanted to know what he was doing, called him a foul name and told him to come out, pulled a gun and kicked him between the legs, and Hlavacek also hit him; that he was also struck across the face with the gun. He cried for help and police. Plaintiffs in error admit going back, but denied they kicked him or had a gun. They say after some argument Mikolajczyk reached for a shovel, and Kopke, in self-defense, struck him in the face with his hand. Mikolajczyk went to a doctor, who found swelling of the testicles and also lacerations on the face. The voice of Mikolajczyk calling for help was heard by a number of persons in the front room of the butcher shop. The evidence discloses plaintiffs in error went to where Mikolajczyk was working, that the latter called loudly for help, and showed physical evidence of being assaulted.

Both plaintiffs in error were business agents for the Butchers' Union and called for the purpose of ascertaining whether some one was working contrary to their rules and contract with the owner. Mikolajczyk was not in good standing although previously a member of the union. Both plaintiffs in error established they had a reputation as being peaceable and law-abiding citizens. It is urged the evidence was insufficient to justify a conviction; that the jury was improperly instructed; that the indictment was bad, and that there was error in rulings upon the evidence.

The indictment charges plaintiffs in error made the assault by means of shoes worn upon their respective feet, with malicious intent to disable the testicles of Mikolajczyk,

and thereby maim him; in plain language by kicking Miko-lajczyk in the testicles. It is claimed a crime is not charged, because the disabling of testicles does not come within the statute, and the means used indicate an absence of the specific intent required by the statute.

The Mayhem statute provides: "Whoever, with malicious intent to maim * * * cuts off or disables a limb or other member of another person shall be imprisoned," etc. (Ill. Rev. Stat. 1939, chap. 38, par. 448.) The statute under which the indictment was returned is as follows: "An assault with intent to commit murder, rape, mayhem, robbery, larceny, or other felony, shall subject the offender to imprisonment in the penitentiary," etc. Ill. Rev. Stat. 1939, chap. 38, par. 58.

At common law castration constituted mayhem. (1 Hawkins Pleas of Crown, 175; 4 Blackstone's Com. 205.) Under the Illinois Mayhem statute we have held the testicles are members of the body, to maim or disable which constitutes mayhem. (*People* v. *Saylor,* 319 Ill. 205.) Under similar statutes other jurisdictions have held the same. (*State* v. *Sheldon,* 54 Mont. 185, 169 Pac. 37; *Cole* v. *State,* 62 Tex. Crim. 270, 138 S. W. 109; *Choate* v. *Commonwealth,* 176 Ky. 427, 195 S. W. 1080.) It being the law that to disable the testicles of a person constitutes mayhem, an assault with intent to so disable the same would constitute an attempt within paragraph 58 of the Criminal Code, *supra.*

It is claimed the kicking, as alleged, does not show an intent to commit mayhem. The charge is an assault to disable with intent to maim. Accomplishment of the mayhem is not necessary. The assault charged, is the crime. The means alleged was threatening the complaining witness with a gun and kicking him. The means used to disable is immaterial if effective. *United States* v. *Scroggins,* Fed. Case 16243; *Carpenter* v. *People,* 31 Col. 284, 72 Pac. 1072; *Neblett* v. *State,* 47 Tex. Crim. 573, 85 S. W. 813.

The law being settled that the member of the complaining witness alleged to have been disabled came within the provisions of the statute it became a question for the jury to decide whether the assault was made, the intent of the defendants, and whether the means used would effect a disablement, as charged in the indictment. (*Lathrop* v. *People*, 197 Ill. 169.) In *People* v. *Yuskauskas*, 268 Ill. 328, we held criminal intent may be manifested by the circumstances connected with the perpetration of the offense, without any positive testimony as to intention. (See Ill. Rev. Stat. 1939, chap. 38, div. 2, sec. 9.) There was no error in refusing to quash the indictment and submitting the case to the jury.

Objection is made to People's instruction No. 17 given upon the question of the credibility to be given to defendants when they testify in their own behalf; to People's instruction No. 5 telling the jury a defendant may be convicted even though he may have a good reputation, and to People's instruction No. 22 dealing with the impeachment of witnesses. It is needless to set these instructions out at length, as all but instruction No. 5 is supplemented by other instructions. Instruction No. 17 is covered by People's instruction No. 20 as well as by defendants' instructions Nos. 43 and 46. The matter covered by instruction No. 22 is covered by defendants' instruction No. 36, and instruction No. 5 is approved in *Hirschman* v. *People*, 101 Ill. 568. The law on these specific questions was properly and accurately covered by the series given by both sides, and this is sufficient. *People* v. *Lenhardt*, 340 Ill. 538.

Serious objection is taken to People's instruction No. 16, which is as follows: "The court instructs the jury, as a matter of law, that the rule which clothes every person accused of crime with the presumption of innocence, and imposes upon the State the burden of establishing his guilt beyond a reasonable doubt, is not intended to aid any one who is in fact guilty of crime to escape, but it is a

humane provision of the law intended, as far as human agencies can, to prevent an innocent person from being convicted." An able and exhaustive review of the cases since *Spies* v. *People,* 122 Ill. 1, where it was given, is set forth to prove it has never been approved since. It is claimed it limits the presumption of innocence to which a defendant in a criminal case is entitled. If this instruction stood alone it might require further study. However, defendants, by their instructions Nos. 27, 31, 32, and 34, so thoroughly defined the extent and term and effect of the presumption of innocence that the emphasis, if any, is placed upon the defendants' rights rather than the infringing of them. Under the circumstances no error was committed. The attention of the jurors was directed to the whole series by People's instruction No. 2, and they were also told each instruction should be considered with relation to all others given.

Exception is taken to a conversation between defendant Kopke and a woman in front of the shop, in which she said: "Why don't they leave the poor man earn his living." This was immediately after defendants in error came from the back room, and ordered the other employees to take off their aprons and go home. The cases cited of *People* v. *Pfanschmidt,* 262 Ill. 411, *People* v. *Harrison,* 261 id. 517, and *People* v. *Frugoli,* 334 id. 324, do not sustain plaintiffs in error. These cases all involved conversations or statements which were not made by the defendant, from which an admission by silence was claimed. Here, the defendants engaged in conversation, and it was so closely related to the occasion of defendants' business at the shop as to come within the *res gestae.*

The action of the court in sustaining an objection to proving on cross-examination that Mikolajczyk had started suit for damages against plaintiffs in error, as a fact tending to show interest, might be criticized, but that was amply shown from Mikolajczyk being the complaining witness,

and, at best, was only cumulative, and, in our opinion, harmless.

We have examined the evidence in this record and are unable to say the verdict is not sustained by the evidence. Other errors in the trial of the cause are urged, to which we have given careful study, but which we do not believe well founded.

We find no substantial error in the record, and the judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*