(No. 27267.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ADAM LANGER, Plaintiff in Error.

*Opinion filed Nov. 16, 1943—Rehearing denied Jan. 12, 1944.*

HAROLD L. LEVY, (WM. SCOTT STEWART, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JOSEPH A. POPE, and CLEMENT D. CODY, of counsel,) for the People.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

Plaintiff in error, Adam Langer, was found guilty by a jury in the criminal court of Cook county of the crime of statutory rape. His punishment, fixed by the jury, was imprisonment in the penitentiary for the term of one year. He prosecutes the writ of error in this case for the purpose of reviewing the judgment. Numerous errors have been assigned, which will be noted in the order in which they are assigned. A recital of the revolting testimony is unnecessary to a proper consideration of the case.

It is first contended by plaintiff in error that the *corpus delicti* was not proved beyond a reasonable doubt. The testimony on this point is too offensive to be published in this opinion. It is sufficient to say that we have carefully examined the evidence. We are satisfied that the *corpus delicti* was amply established within the rule announced in *People v. Ardelean,* 368 Ill. 274, and *People v. Schultz,* 260 Ill. 35.

The contention is also made that the testimony of a physician, who had examined the victim, and the opinion expressed by such physician, invaded the province of the jury. The opinion expressed by the physician, based upon her examination, was clearly within the rule approved by this court in *People v. Ardelean,* 368 Ill. 274. The physician called was one connected with the county hospital and the juvenile court. No question was raised as to her competency, or that the opinion expressed was not based

solely upon her examination. An opinion of a physician, expressed in practically the same words, was held proper in *People* v. *O'Connor,* 295 Ill. 198.

It is next objected that the assistant State's Attorney, in his opening statement, made an improper reference to another offense; that this reference, coupled with his admonition to the witness against whom such other offense was committed, preceding her testimony, was prejudicial to plaintiff in error. The rule is well settled that on a trial involving statutory rape proof of like offenses is sometimes properly admissible. This rule is clearly stated in *People* v. *Roberts,* 367 Ill. 620, *People* v. *Boston,* 309 Ill. 77, and in *People* v. *Gibson,* 255 Ill. 302.

In this case, it is true the assistant State's Attorney, in his opening statement, referred to another and different offense. However, an objection was sustained by the court, before the statement had progressed to the point where it could be determined whether proof of the other offense referred to, would be admissible, within the rule announced in the above cases. The assistant State's Attorney had merely referred to another offense when the objection was made and sustained. The facts concerning such other offense may have been such that proof thereof would have been admissible on the trial of plaintiff in error for the offense with which he was charged, as tending to show the relations between the parties. It may also have been so closely connected with the offense charged that proof thereof would have been competent as tending to prove that offense. We are not convinced that proof of the offense referred to in the opening statement would not have been admissible in this case. As already indicated, the statement had not proceeded far enough that this could be determined. In view of this, we are satisfied no error was committed by the reference to the other offense in the opening statement. Particularly is this true when the objection was sustained and the jury instructed

to disregard the statement. The opening statement was thereafter limited to the particular crime charged.

It is also claimed that improper evidence was offered by the People in rebuttal tending to impeach the testimony of plaintiff in error. As a witness in his own behalf, he flatly denied any relations with the prosecuting witness at any time. He also contradicted all testimony offered tending to connect him with the offense. The particular objection here made to the impeaching testimony is that it tended to dispute the testimony of plaintiff in error as to statements made by him concerning other relations with the prosecuting witness, who was not interrogated concerning such other relations. The rebuttal witnesses were an assistant State's Attorney and two police officers who testified to certain statements made by plaintiff in error concerning his relations with the prosecutrix. He had denied these statements on his cross-examination. The rebuttal witnesses testified that such statements were made by him. This was clearly proper in rebuttal. In order to enable the People to impeach him as to these statements, it was not necessary that the prosecutrix should have also been asked concerning the transactions alleged to have been referred to by plaintiff in error in his statements to the assistant State's Attorney. We are not impressed with the arguments made on this point.

It is finally suggested that the court erred in giving instructions Nos. 3 and 9 to the jury. Instruction No. 3 was on the subject of the presumption of innocence. It was much more favorable to the defendant than the ordinary stock instruction on the subject of the presumption of innocence, such as those approved in *Spies* v. *People*, 122 Ill. 1, and *People* v. *Kopke*, 376 Ill. 171.

Instruction No. 9 told the jury, in substance, that if, from the evidence, the jury believed that any witness had wilfully sworn falsely to any material matter, the entire testimony of such witness might be disregarded, except

in so far as corroborated by other credible evidence, or by facts and circumstances in evidence. The objection to this instruction is that it did not define the words "any material matter," used in the instruction. It is insisted that this permitted the jury to determine the question of law as to what were material matters involved in the case.

Other instructions given, particularly No. 5, defined every element material and necessary to constitute the crime with which plaintiff in error was charged. It was not necessary that the definition of the material matters involved in the cause should be contained in the challenged instruction. The instructions are to be considered as a series. When instruction No. 9 is read and considered with instruction No. 5, they meet all the requirements of the rule. The two instructions together define and set out, specifically, every material element necessary to constitute the crime charged, and every material element necessary to be proved in order to convict the defendant on such charge. This is the rule approved in *People* v. *Strutynski,* 367 Ill. 551. There was no error in giving these instructions.

We are not unmindful of the rule which has been applied in cases depending solely upon the uncorroborated testimony of the prosecutrix which is denied by the defendant, and where they are of equal credibility. This rule, however, does not apply to this case. The prosecutrix was corroborated by an eyewitness to the alleged act. She was further corroborated by the testimony of the physician, based upon her physical examination. She was also corroborated, to some extent, by the statements made by plaintiff in error to the assistant State's Attorney after his arrest. These statements were testified to by the assistant State's Attorney and two police officers, who were present at the time. It cannot, therefore, be said to be a case depending entirely upon the uncorroborated testimony of the prosecutrix. The facts in the case are very similar to the facts in *People* v. *Claussen,* 367 Ill. 430, and

*People* v. *Burns,* 364 Ill. 49. It is also equally well settled that the testimony of a prosecutrix, uncorroborated by other witnesses, may be sufficient to justify conviction, if clear and convincing. *People* v. *Sciales,* 353 Ill. 169; *People* v. *Sciales,* 345 Ill. 118.

The determination of the weight of the evidence and the credibility of the witnesses is for the jury, or, in the absence of a jury, for the court. We will not set aside convictions depending upon the weight of the evidence, except to prevent an apparent injustice. (*People* v. *Hanisch,* 361 Ill. 465; *People* v. *Wynekoop,* 359 Ill. 124.) Upon this record we cannot say that the jury was not justified in finding the defendant guilty, as charged in the indictment. A careful consideration of all the evidence convinces us that we would not be justified in setting aside the verdict of the jury.

There are no errors of law in the record which would justify a reversal of the judgment of the criminal court of Cook county. That judgment is affirmed.

*Judgment affirmed.*