**J.H. FLANNERY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 600–83.**

Court of Criminal Appeals of Texas, En Banc.

June 27, 1984.

F.R. Files, Jr., Tyler, for appellant.

Hunter B. Brush, Former Dist. Atty. and Patrick F. Geary, Asst. Dist. Atty., Jack Skeen, Jr., Dist. Atty. and Jim E. Crouch, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

We granted petition for discretionary review from the court of appeals' affirm-

ance[1] of a conviction for voluntary manslaughter in which the jury assessed punishment at 20 years confinement and a $7,500 fine. The indictment alleged an intentional murder. At issue is testimony by a police officer concerning statements made by appellant's daughter, Paulette Reese. To clarify the issue, a brief review of the facts is in order.

On December 19, 1979, Paulette Reese informed her father she had been raped by James Matlock. Appellant and his son-in-law drove to the accused rapist's house. By using the possibility of a job in the offing as a pretext, appellant convinced Matlock to take a ride in his truck. They all drove to a vacant lot, where appellant accused Matlock of raping his daughter; Matlock denied this; some kind of scuffle ensued; appellant shot Matlock in the arm; Matlock turned and ran; appellant then shot him in the back. This rendition was uncontested at trial.

Paulette Reese testified she had been raped and that she told her father about the rape. On crossexamination, the State asked her if she had orgasms when she was raped, and whether she had discussed this with David McDowell of the Tyler Police Department. Reese recalled talking with Officer McDowell, but she did not recall discussing orgasms with him. The State then called Officer McDowell who testified Paulette Reese did tell him she had orgasms during the rape. Defense counsel objected because such impeachment went to a collateral matter.

On appeal, the Tyler court correctly held that the "prosecution is entitled on rebuttal to present any evidence that tends to refute the defensive theory of the accused and the evidence introduced in support of it." *Lewis v. State*, 549 S.W.2d 738, 741 (Tex.Cr.App.1977); *Rucker v. State*, 121 Tex.Cr.R. 94, 50 S.W.2d 305 (1932). However, this statement of the law does *not* apply to the case at bar. The defensive theory of the accused had nothing to do with his daughter's recounting of the rape to Officer McDowell. Rather, the defensive theory of appellant turned on his state of mind; that is, he killed Matlock in a fit of sudden passion after learning his daughter was raped. To support his defensive theory, he put on evidence, which was uncontroverted, that his daughter had told him she had been raped. Thus the proposition at issue was his state of mind after hearing of the rape *not the nature of or occurrence of the rape. Jones v. State*, 51 Tex.Cr.R. 472, 101 S.W. 993, 995 (1907); see also *Winn v. State*, 54 Tex.Cr.R. 538, 113 S.W. 918, 919 (1908).

Whether Paulette Reese did or did not have orgasms during the rape is immaterial to the defensive theory and therefore it does not rebut his theory. Such testimony does not make the proposition at issue (appellant's state of mind after hearing about the rape) more or less probable.

Consequently, Paulette Reese's discussion with Officer McDowell concerned a collateral matter. Nothing McDowell testified to tended to deny appellant's and his daughter's testimony that she told appellant she had been raped. Thus Reese was improperly impeached, because when a witness is crossexamined on a collateral matter, the crossexamining party cannot then contradict the witness. *Hoffman v. State*, 514 S.W.2d 248 (Tex.Cr.App.1974).

Appellant argues that this improperly admitted prior inconsistent testimony prejudices him by making his daughter appear to be a liar. This was, he argues, a prejudice to his cause, because it may have led the jury to decide he should not have believed his daughter when she told him about the rape. However, the voluntary manslaughter verdict evidences the jury's belief that his daughter did tell him she had been raped.

The judgment of the court of appeals is affirmed.

1. *Flannery v. State, 673 S.W.2d 592 (Tex.App.— Tyler, 1983).*