TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00313-CR






David Dudley Roberts, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF McCULLOCH COUNTY, 198TH JUDICIAL

DISTRICT

NO. 3937D, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING






 Appellant, David Dudley Roberts, pleaded guilty to aggravated kidnapping, aggravated
assault, and aggravated sexual assault of his estranged wife. See Tex. Penal Code Ann. §§ 22.02, 22.04,
22.021 (West 1994 & Supp. 1997). A jury assessed punishment at fifty years' imprisonment on the
kidnapping charge, twenty years' on the assault charge, and fifty years' on the sexual assault charge. In
three points of error, Appellant contends the trial court erred in excluding evidence that would have
substantiated appellant's theory concerning his state of mind at the time of the offenses and allowing into
evidence, as rebuttal, statements appellant made while in custody. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 In January 1993 appellant, a former deputy sheriff for McCulloch County, married Lisa
Russell, the complainant. In 1995 appellant confronted the complainant about an alleged affair, resulting
in the couple's separation.

 On December 26, 1995, appellant went to the Wes-T-Go convenience store in McCulloch
County, where the complainant was employed, and asked if she would get a soft drink with him after she
finished work. She told him it would depend on how she felt after work. Appellant returned later in the
afternoon and waited for the complainant in his truck. When the complainant finished work, she walked
out to appellant's truck and refused to go with him. Appellant then told her to look in a box on the front
seat of the truck. Inside the box was a note which stated, "Lisa, get in the truck or else." As the
complainant was leaning inside the truck to look at the note, appellant hit her in the head with a pistol. She
managed to escape from appellant momentarily and ran into the convenience store. She tried to go into
the restroom, but appellant pursued her into the store, caught her, and again began to hit her in the head
with the gun. Appellant then took the complainant into a customer service walk-in cooler and made her
lie on the floor where he continued to beat her. At some point during this ordeal, appellant removed the
complainant's underwear and repeatedly jabbed the barrel of the pistol in and out of her vagina. The police
were called and attempted to negotiate with appellant for the complainant's release. Appellant finally
surrendered after two hours of negotiation.

 Appellant was indicted for aggravated kidnapping, aggravated assault, and aggravated
sexual assault. He pleaded guilty to the charges and requested to have a jury assess punishment. Upon
considering the evidence, the jury assessed punishment at fifty years' imprisonment on the kidnapping
charge, twenty years' on the assault charge, and fifty years' on the sexual assault charge, the sentences to
run concurrently. This appeal followed.


DISCUSSION


 In his first and second points of error, appellant contends the trial court erred in excluding
six sexually explicit photographs of appellant and the complainant taken in 1992, prior to their marriage, (1)
and in excluding the testimony of Bill Mercer regarding a prior sexual relationship between Mercer and the
complainant. After conducting separate in camera hearings pursuant to Texas Rule of Criminal Evidence
412, the trial court ruled that both the pictures and Mercer's testimony were evidence of prior sexual acts
on the part of the victim and not admissible under Rule 412. See Tex. R. Crim. Evid. 412; Wofford v.
State, 903 S.W.2d 796, 798 (Tex. App.--Dallas 1995, pet. ref'd). On appeal, appellant argues the trial
court abused its discretion in excluding the pictures and Mercer's testimony because they reflect appellant's
alleged jealous state of mind at the time the offenses were committed and are admissible under Texas Rule
of Criminal Evidence 402. Appellant does not, however, complain of the trial court's decision to exclude
the evidence under Rule 412; thus he has not preserved the complaint for appellate review. (2) Tex. R. App.
P. 52(a).

 Even if appellant had preserved error with regard to Rule 412, however, we would
conclude that the trial court did not abuse its discretion in excluding either the photographs or Mercer's
testimony. A complainant's sexual reputation generally is not admissible in a prosecution for sexual assault. 
Tex. R. Crim. Evid. 412(a). Moreover, specific instances of a complainant's past sexual behavior is
admissible only when the proponent of the evidence follows certain procedural guidelines and, in addition,
when


 (1) the evidence is necessary to rebut or explain the State's scientific or medical
evidence;


 (2) the accused offers evidence of complainant's and the accused's past sexual
behavior to show complainant "consented to the sexual behavior which is the basis
of the offense charged;"


 (3) the evidence shows the alleged motive or bias of the victim;


 (4) the evidence is admissible under Rule 609; or


 (5) the constitution requires the trial court admit the evidence.



Tex. R. Crim. Evid. 412(b). Finally, the probative value of the evidence must outweigh the danger of unfair
prejudice. Id.; Cuyler v. State, 841 S.W.2d 933, 936 (Tex. App.--Austin 1992, no pet.). The trial court
does not err in excluding evidence of a complainant's past sexual behavior with the accused unless those
particular activities are material to an issue in the case and appellant raises consent as a defense. See
Garza Barreda v. State, 739 S.W.2d 368, 370 (Tex. App.--Corpus Christi 1987), pet. dism'd,
improvidently granted, 760 S.W.2d 1 (Tex. Crim. App. 1988).

 We will reverse a trial court's decision to exclude evidence only if the court abused its
discretion. Holloway v. State, 751 S.W.2d 866, 870 (Tex. Crim. App. 1988). A trial court abused its
discretion when its "decision was so clearly wrong as to lie outside that zone within which reasonable
persons might disagree." Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1991). In the present
case, appellant did not raise consent as a defense. Therefore, the trial court did not abuse its discretion in
excluding the photographs and the testimony of Bill Mercer. To the contrary, appellant pleaded guilty to
the charge of aggravated sexual assault and was arguably seeking to introduce evidence of the
complainant's prior sexual acts during the punishment stage for the sole purpose of mitigating his punishment
by casting the victim in a bad light before a jury drawn from a conservative community. Introducing
evidence for this purpose would effectively put the victim on trial. This is a type of activity rule 412 was
intended to prohibit. See James A. Vaught & Margaret Henning, Admissibility of a Rape Victim's Prior
Sexual Conduct in Texas: A Contemporary Review and Analysis, 23 St. Mary's L.J. 893, 916 (1992). 
Furthermore, with regard to the photographs, the trial court could have reasonably concluded that the
length of time between the taking of the photographs--July 1992--and the sexual assault--December
1995--was too great for the photographs' probative value to outweigh their prejudicial effect. (3) See Tex.
R. Crim. Evid. 412(b)(3); 1 Steven Goode, Olin G. Wellborn, III & M. Michael Sharlot, Guide to the
Texas Rules of Evidence: Civil and Criminal § 412.1 at 294 (Texas Practice 1993). We conclude the trial
court did not abuse its discretion in excluding the photographs and Mercer's testimony. Accordingly, we
overrule points of error one and two.

 In his third point of error, appellant contends the trial court erred in allowing into evidence,
as rebuttal, statements made by appellant to law enforcement officers while he was under arrest, because
the testimony was not proper rebuttal and violated appellant's constitutional rights. (4) During his testimony,
appellant denied remembering anything about the incident after he hit the complainant in the head with his
pistol in the parking lot of the convenience store. In rebuttal, the State introduced the testimony of William
Barr and Chad Taliaferro, jailers at the McCulloch County jail, regarding statements made by appellant to
them at the jail. Barr testified that when appellant was escorted into the jail he stated, "Well Bill here I am. 
I beat the fuck out of her." Taliaferro, on the other hand, testified that as he was booking appellant into jail,
he asked appellant about the cuts on his hand, to which appellant responded that "he got them from
beating the fuck out of [the complainant]." Appellant contends that the introduction of the statements made
to Barr and Taliaferro were not in direct contradiction to appellant's earlier testimony, and were introduced
in violation of his constitutional rights. We disagree.

 In Rucker v. State, 50 S.W.2d 305 (Tex. Crim. App. 1932), the court of criminal appeals
stated: "It is the general rule that, whenever material facts are introduced that tend to affect the issue, the
other side is authorized to deny, contradict, or explain such facts, showing their falsity, or breaking their
force and effect in any legitimate way." Id. at 306. A prior inconsistent statement by a witness is
admissible to impeach such witness, and the trial court should be liberal in passing upon the admissibility
of evidence of this nature. Smith v. State, 520 S.W.2d 383, 386 (Tex. Crim. App. 1975); see Campos
v. State, 589 S.W.2d 424, 428 (Tex. Crim. App. 1979). "The prosecution is entitled on rebuttal to
present any evidence that tends to refute the defensive theory of the accused and the evidence introduced
in support of it." Laws v. State, 549 S.W.2d 738, 741 (Tex. Crim. App. 1977). In the present case, the
testimony by the McCulloch County jailers was proper rebuttal testimony because it tended to show that
appellant actually remembered more about the offenses than he testified to. Thus, it was in direct
contradiction to appellant's assertion that he did not remember committing any offenses beyond striking
the complainant once in the parking lot of the Wes-T-Go convenience store.

 We need not determine whether Miranda (5) warnings were given to appellant or whether
his statements were the product of custodial interrogation, because the statements were introduced during
the State's rebuttal for purposes of impeachment. See Harris v. New York, 401 U.S. 222, 225-26
(1971); Lykins v. State, 784 S.W.2d 32, 36-37 (Tex. Crim. App. 1989) (admission of appellant's prior
inconsistent statements for impeachment does not constitute a Miranda violation). The holding of Harris
notwithstanding, involuntary statements may not be used to impeach a criminal defendant. Mincey v.
Arizona, 437 U.S. 385, 397-98 (1978). Appellant's statement to Barr, however, was a voluntary
statement, and thus admissible, because it was not made in response to interrogative questioning. See
Stevens v. State, 671 S.W.2d 517, 520 (Tex. Crim. App. 1984); Sanchez v. State, 589 S.W.2d 422,
423 (Tex. Crim. App. 1979); see also Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (West 1979). Rather,
appellant made the statement to Barr without any questioning by Barr. Although appellant's later statement
to Taliaferro was in response to a question, and thus arguably was a response to interrogation, appellant's
response was merely a reiteration of his earlier statement made voluntarily to Barr. Thus, even if appellant's
response to Taliaferro's question was inadmissible, it was merely cumulative of other admissible evidence,
rendering any error in its introduction harmless. See Mack v. State, 928 S.W.2d 219, 225 (Tex.
App.--Austin 1996, pet. ref'd). We overrule point of error three.


CONCLUSION


 Having overruled appellant's points of error, we affirm the judgment of the trial court.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones, and Kidd

Affirmed

Filed: June 19, 1997

Do Not Publish
1. The photographs were found in appellant's pocket immediately after he was arrested.
2. Although the trial court initially excluded the photographs on the basis of relevancy pursuant to
Rule 402, this ruling was implicitly withdrawn, because if the photographs were irrelevant there would have
been no need to conduct the in camera hearing pursuant to Rule 412.
3. Appellant also argues that because the State was allowed to introduce handwritten notes found
in his pocket after the commission of the offenses, he should be allowed to introduce the sexually explicit
photographs also found in his pocket. The admissibility of evidence, however, is not determined by the
mere consideration of where evidence is discovered. While the location of certain evidence may make
evidence relevant, its probative value may still be substantially outweighed by its prejudicial effect, thus
making it inadmissible. See Tex. R. Crim. Evid. 403.
4. Although appellant's third point of error is multifarious, we will still consider it. However, by
combining more than one contention in a single point of error, appellant risks rejection of the point on the
ground that nothing is presented for review. See Tex. R. App. P. 74(d); Sterling v. State, 800 S.W.2d
513, 521 (Tex. Crim. App. 1990); Martinets v. State, 884 S.W.2d 185, 189 (Tex. App.--Austin 1994,
no pet.).
5. See Miranda v. Arizona, 384 U.S. 436 (1966).



 breaking their
force and effect in any legitimate way." Id. at 306. A prior inconsistent statement by a witness is
admissible to impeach such witness, and the trial court should be liberal in passing upon the admissibility
of evidence of this nature. Smith v. State, 520 S.W.2d 383, 386 (Tex. Crim. App. 1975); see Campos
v. State, 589 S.W.2d 424, 428 (Tex. Crim. App. 1979). "The prosecution is entitled on rebuttal to
present any evidence that tends to refute the defensive theory of the accused and the evidence introduced
in support of it." Laws v. State, 549 S.W.2d 738, 741 (Tex. Crim. App. 1977). In the present case, the
testimony by the McCulloch County jailers was proper rebuttal testimony because it tended to show that
appellant actually remembered more about the offenses than he testified to. Thus, it was in direct
contradiction to appellant's assertion that he did not remember committing any offenses beyond striking
the complainant once in the parking lot of the Wes-T-Go convenience store.

 We need not determine whether Miranda (5) warnings were given to appellant or whether
his statements were the product of custodial interrogation, because the statements were introduced during
the State's rebuttal for purposes of impeachment. See Harris v. New York, 401 U.S. 222, 225-26
(1971); Lykins v. State, 784 S.W.2d 32, 36-37 (Tex. Crim. App. 1989) (admission of appellant's prior
inconsistent statements for impeachment does not constitute a Miranda violation). The holding of Harris
notwithstanding, involuntary statements may not be used to impeach a criminal defendant. Mincey v.
Arizona, 437 U.S. 385, 397-98 (1978). Appellant's statement to Barr, however, was a voluntary
statement, and thus admissible, because it was not made in response to interrogative questioning. See
Stevens v. State, 671 S.W.2d 517, 520 (Tex. Crim. App. 1984); Sanchez v. State, 589 S.W.2d 422,
423 (Tex. Crim. App. 1979); see also Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (West 1979). Rather,
appellant made the statement to Barr without any questioning by Barr. Although appellant's later statement
to Taliaferro was in response to a question, and thus arguably was a response to interrogation, appellant's
response was merely a reiteration of his earlier statement made voluntarily to Barr. Thus, even if appellant's
response to Taliaferro's question was inadmissible, it was merely cumulative of other admissible evidence,
rendering any error in its introduction harmless. See Mack v. State, 928 S.W.2d 219, 225 (Tex.
App.--Austin 1996, pet. ref'd). We overrule point of error three.


CONCLUSION


 Having overruled appellant's points of error, we affirm the judgment of the trial court.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones, and Kidd

Affirmed

Filed: June 19, 1997

Do Not Publish
1. The photographs were found in appellant's pocket immediately after he was arrested.
2. Although the trial court initially excluded the photographs on the basis of relevancy pursuant to
Rule 402, this ruling was implicitly withdrawn, because if the photographs were irrelevant there would have
been no need to conduct the in camera hearing pursuant to Rule 412.
3. Appellant also argues that because the State was allowed to intr