MARY'S OPINION HEADING 



 NO. 12-00-00191-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ROBERT CHARLES LANGDON,
§
 APPEAL FROM THE FIRST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SABINE COUNTY, TEXAS






 A jury convicted Robert Charles Langdon ("Appellant") of aggravated sexual assault and the
trial court sentenced Appellant to confinement for fifty years. Appellant brings two issues on appeal. 
We affirm.

Videotaped Interview


 The indictment in this case charged Appellant with aggravated sexual assault upon his
stepdaughter, A.O., a child younger than fourteen years of age, by either one or both of two means: 
(1) penetrating her female sexual organ with his finger, and (2) contacting her anus and sexual organ
with his sexual organ. Before trial, a forensic interview of A.O. had been conducted at the Garth
House in Beaumont, Texas by Joanna Gartside ("Gartside"). The Garth House conducts interviews
with children who have been physically or sexually abused following a referral by either child
protective services or a law enforcement agency. During this interview, A.O. described at least
sixteen instances of sexual contact between her and Appellant during their stepfather-stepdaughter
relationship. A.O. alleged that during one of these sixteen occurrences, Appellant placed his penis
inside her. When the State attempted to show the entire videotaped interview between A.O. and
Gartside to the jury, Appellant objected pursuant to Rule 404(b) of the Texas Rules of Evidence that
the description of this one incident was an extraneous offense which should not be shown to the jury. 
Rule 404(b) states:


 (b) Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs or acts is not admissible to
prove the character of a person in order to show action in conformity therewith. It may, however, be
admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident, provided that upon timely request by the
accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the
State's case-in-chief such evidence other than that arising in the same transaction.


Tex. R. Evid. 404(b). In issue two, (1) Appellant contends that A.O.'s statement concerning penile
penetration is evidence of an inadmissible extraneous offense pursuant to Texas Rules of Evidence 
403 and 404.

 Generally, a trial court has broad discretion in determining the admissibility of evidence, and
the reviewing court should not reverse unless a clear abuse of discretion is shown. Allridge v. State,
850 S.W.2d 471, 492 (Tex. Crim. App. 1991). As long as the trial court's ruling was at least within
the zone of reasonable disagreement, we should not reverse. Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1990) (op. on reh'g).

 The State argues that A.O.'s statement regarding the unindicted act of penile penetration by
Appellant was admissible pursuant to article 38.37 of the Texas Code of Criminal Procedure, which
provides in pertinent part:


 Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other
crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged
offense shall be admitted for its bearing on relevant matters, including:


 (1) the state of mind of the defendant and the child; and


 (2) the previous and subsequent relationship between the defendant and the child.


 Sec. 3. On timely request by the defendant, the state shall give the defendant notice of the state's
intent to introduce in the case in chief evidence described by Section 2 in the same manner as the state
is required to give notice under Rule 404(b), Texas Rules of Criminal Evidence.


Tex. Code Crim. Proc. Ann. art. 38.37, §§ 2, 3 (Vernon Supp. 2001).

 In his brief, Appellant does not respond to the language specifically allowing the
admissibility of this evidence under article 38.37. Pursuant to article 38.37, the trial court did not
abuse its discretion in allowing the videotaped interview to be seen in its entirety by the jury. In his
brief, Appellant does contend that under Texas Rule of Evidence 403, the trial court should have
done a balancing test to determine the admissibility of the entire videotaped interview before the
jury. However, Appellant did not make a Rule 403 objection at the time of trial. That argument is
therefore waived on appeal. See Tex. R. Evid. 33.1(a)(1)(A). Accordingly, issue two is overruled. (2)


Ineffective Assistance of Counsel


 In issue three, Appellant complains that he was denied effective assistance of counsel during
the guilt-innocence phase of the trial. Under Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984), a defendant must show (1) his counsel's performance was
deficient, and (2) the deficient performance was so serious it prejudiced his defense. See 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). This means an appellant must
prove by a preponderance of the evidence (1) counsel's performance fell below the standard of
prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's
deficiency, the trial's result would have been different. Id. 

 Any allegation of ineffectiveness must be firmly grounded in the record and the record must
affirmatively demonstrate the alleged ineffectiveness. Id. Thus, to successfully demonstrate
counsel's ineffectiveness, an appellant must present evidence, usually through a motion for new trial
or a habeas corpus proceeding, illustrating trial counsel's strategy. Thompson v. State, 9 S.W.3d
808, 813-14 (Tex. Crim. App. 1999). When assessing the validity of a defendant's claim of
ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and
avoid the distorting effect of hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App.
1984). There is a strong presumption that counsel's conduct fell within the wide range of reasonable
professional assistance, and it was motivated by sound trial strategy. Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994).

 Appellant first claims his counsel was ineffective for failing to object to testimony from
A.O.'s mother, Glenda Bryant ("Bryant"), concerning the contents of a report compiled by Brenda
Garrison ("Garrison"), a nurse with Child Abuse and Forensic Services in Beaumont who examined
A.O. Bryant testified that Garrison's report contained a statement from her child that after Appellant
penetrated her with his fingers, he would put his fingers in his mouth. Appellant contends that
Garrison's report was hearsay, and thus, his counsel was ineffective for failing to object to Bryant's
testimony.

 The State responds that Appellant's counsel had been provided with its file in this case,
which included Garrison's written report. In addition, the State argues that (1) Garrison testified
immediately after Bryant, (2) Garrison testified from her report and related A.O.'s statement, and
(3) A.O.'s statement was admissible pursuant to Texas Rule of Evidence 803(4), the hearsay
exception for statements made for purposes of medical diagnosis or treatment. The State asserts that
trial counsel's decision not to object to Bryant's testimony was not deficient because counsel was
aware that A.O.'s statement would come in through Garrison anyway. According to the State, such
a decision was, in fact, a valid trial strategy of giving little emphasis to damaging testimony and
appearing open and honest with the jury. We agree.

 Appellant's counsel did not object at trial to Garrison's report and testimony relating A.O.'s
statement. On appeal, Appellant does not argue that his counsel was ineffective in failing to object
to Garrison's report and testimony. Rather, Appellant contends in his brief that Garrison's report
did not fall under any hearsay exception. However, he presents no authority or analysis to support
such an assertion. Rule 803(4) creates an exception to the hearsay rule for "[s]tatements made for
purposes of medical diagnosis or treatment and describing medical history, or past or present
symptoms, pain, or sensations, or the inception or general character or cause of the external source
thereof insofar as reasonably pertinent to diagnosis or treatment." Tex. R. Evid. 803(4). Generally,
in prosecutions for child sexual abuse, a child's statements to a medical professional describing the
abusive acts and even identifying the abuser are reasonably pertinent to diagnosis or treatment and
are, therefore, admissible under rule 803(4). Castoreno v. State, 932 S.W.2d 597, 602 (Tex. App.-
San Antonio 1996, pet. ref'd); Fleming v. State, 819 S.W.2d 237, 247 (Tex. App.- Austin 1991, pet.
ref'd). Based on the foregoing, we conclude that Garrison's report and testimony concerning A.O.'s
statement would have been admissible over a hearsay objection. Thus, Appellant's trial counsel was
not deficient in failing to object to Bryant's testimony concerning Garrison's report.

 Next, Appellant asserts that his counsel was deficient in failing to object to questions
propounded by the State to him concerning the whereabouts of Appellant's biological children. 
Appellant also argues that his counsel was ineffective in failing to object to Bryant's testimony as
a rebuttal witness, regarding Appellant's relationship with his biological children.

 In general, witnesses may not be impeached regarding collateral matters. Ramirez v. State,
802 S.W.2d 674, 675 (Tex. Crim. App. 1990). A collateral matter is one not relevant to proving a
material issue in the case. Poole v. State, 974 S.W.2d 892, 905 (Tex. App.- Austin 1998, pet ref'd). 
However, "when an accused testifies gratuitously as to some matter that is irrelevant or collateral
to the proceeding, as with any other witness, he may be impeached by showing that he has lied or
is in error as to that matter." Hammett v. State, 713 S.W.2d 102, 105 (Tex. Crim. App. 1986). This
can only be done when a witness has voluntarily testified to the collateral matter. Lopez v. State,
928 S.W.2d 528, 531 (Tex. Crim. App. 1996). The prosecution is also entitled to present a rebuttal
witness for similar purposes. See Flannery v. State, 676 S.W.2d 369, 370 (Tex. Crim. App. 1984).

 Appellant contends that his cross-examination by the State regarding the whereabouts of his
other children and his relationship with them was used solely to portray him as a bad father in
general, and, thus, was inadmissible character evidence. The State argues this evidence was
admissible because on direct examination, Appellant left a false impression concerning what
fatherhood meant to him. The State further argues that Appellant was critical of A.O.'s biological
father and testified that A.O. had bought him presents bearing the notation "World's Greatest Dad"
or "Great Dad." According to the State, this false impression entitled the State to discredit Appellant
on cross-examination and in rebuttal by showing that he did not remember his biological children's
whereabouts or their names. We agree with the State. Because Appellant attempted during his
direct examination to show that his parental relationship with A.O. was superior to A.O.'s
relationship with her biological father, the State was entitled to cross-examine him and further rebut
his testimony with another witness regarding his view of fatherhood. Counsel is not ineffective for
failing to object to admissible evidence. Jones v. State, 950 S.W.2d 386, 389 (Tex. App.- Fort
Worth 1997, 



pet. ref'd, untimely filed). Appellant has failed to show that his trial counsel's performance was
deficient in any manner. For the foregoing reasons, issue three is overruled.

 The judgment of the trial court is affirmed.



 JIM WORTHEN 

 Justice



Opinion delivered July 25, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
























(DO NOT PUBLISH)
1. In his brief, Appellant presents three issues for our review. At oral argument, Appellant withdrew issue
one from our consideration. For the sake of clarity, however, we will refer to Appellant's issues in this opinion as
they are designated in his brief. 
2. Appellant does not contend that he did not have notice of the State's intent to offer the videotape as
required by article 38.37, section 3.