## Frank T. Ricks v. The State.

### No. 1871. Decided April 25, 1900.

**1. Burglary—Ownership—Variance.**

On a prosecution for burglary the indictment alleged ownership of the house and property in one S. The proof showed that a mercantile corporation composed of several persons was the occupant and owner of the house and property, but that S., the alleged owner, was the manager of said mercantile business and had the actual care and control of the same. Held, no variance between the allegation and proof.

**2. Defendant's Confession—Circumstantial Evidence—Charge.**

On a trial for burglary, where the defendant's confession of the burglary is proved, it is not error for the court to fail to charge upon circumstantial evidence.

Appeal from the District Court of Williamson. Tried below before Hon. R. E. Brooks.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*Makemson & Fisher*, for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years.

Appellant contends there was a variance between the proof of ownership and the allegation of ownership as contained in the indictment. The indictment alleged the ownership of the house and property to be in J. A. Sutton, and that said house was entered and the property taken without the consent of the said J. A. Sutton. The proof showed the house was a storehouse, and that the Sutton-Sharpe Hardware Company, a corporation, were the owners and occupants of said storehouse, and owned the goods therein. The evidence further showed that said company was incorporated, the incorporators being A. L. Sharpe, F. W. Carothers, S. K. Brown, George C. Atkinson, and J. A. Sutton; that said incorporators were authorized by the laws of Texas to do a mercantile business at Georgetown, in Williamson County, Texas, where said storehouse was situated. It was further shown that J. A. Sutton was the manager of said mercantile incorporation at the time of the alleged burglary. Said witness stated he could not say who had the exclusive control of said house and property, though he was the manager, and had the power to employ and directed five or six other persons who were working in said house; that he had a key to same, and the clerks also had keys. The general rule on this subject is that in theft or burglary the ownership may be alleged in the general owner,— that is, the owner of the fee in the property, or in the person in possession of the same,—and the fact

that the owner of the property is a corporation would not alter or change the rule. See Thurmond v. State, 30 Texas Crim. App., 539; Lamater v. State, 38 Texas Crim. Rep., 251; Daggett v. State, 39 Texas Crim. Rep., 5; Tidwell v. State, 45 S. W. Rep., 1015. A corporation, it is true, can only act by its officers or managers, and their possession is the possession of the corporation, yet their possession is none the less a special ownership. Indeed, there would be some difficulty in alleging that the corporation itself was in possession of the property, without the introduction of an allegation that such corporation was in possession of the property through its superintendent or manager, naming him or them, and negativing the want of consent of the manager or superintendent. The fact, however, that an indictment could be properly drawn, alleging the ownership of the property to be in a corporation, and that same was held by some person, naming him, for the corporation, would afford no reason why the ownership of the property of the corporation could not be alleged in the person who has the actual care, control, and management of the same, as in other cases. See Thurmond v. State, supra. We accordingly hold that the proof in this case showing that J. A. Sutton was the manager of said corporation, and that he was in the actual possession of the store and goods, the clerks being under him and subject to his control, there was no variance between the allegation in the indictment and the proof.

The court did not err in failing to charge on circumstantial evidence, inasmuch as the record contains proof of appellant's confession of the alleged burglary. There being no error in the record, the judgment is affirmed.

*Affirmed.*