## HIRAM BARNES v. THE STATE.

### No. 3758.   Decided June 6, 1908.

**1.—Murder—Charge of Court—Circumstantial Evidence.**

Where upon trial for murder the defendant confessed the killing on his trial and claimed self-defense, the court was not required to charge on circumstantial evidence, and a special charge on that issue was correctly refused. Following Rice v. State, 41 Texas Crim. Rep., 676 and other cases.

**2.—Same—Evidence—Defendant's Declarations—Fabrication.**

Where upon trial for murder the evidence showed that when the deceased was found there was lying beside him a chunk or stick, there was no error in admitting testimony of the declarations of the defendant made a short time before the homicide in connection with certain references to the deceased, to the effect that if people should ever do enough to him for him to kill them for he would lay a chunk or stick down there, and make out like they were after him .with a stick; the defendant claiming self-defense and that deceased had attacked him with a stump or stick.          ♀

**3.—Same—Evidence—Threats—Former Grudges.**

Upon trial for murder there was no error in admitting testimony of threats made by the defendant against the deceased, to the effect that if deceased did not pay him what he owed him that he would kill him.

**4.—Same—Sufficiency of the Evidence.**

Where upon trial for murder there was sufficient evidence to support a verdict of murder in the second degree, the same will not be disturbed.

Appeal from the District Court of Grimes.   Tried below before the Hon. Gordon Boone.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

. *T. C. & T. P. Buffington, J. T. Bowen* and *W. W. Meachum,* for appellant.—On question of charge on circumstantial evidence: Gonzales v. State, 12 Texas Crim. App., 657; Harrison v. State, 6 Texas Crim. App., 42.; Hunt v. State, 7 Texas Crim. App., 212; Simms v. State, 8 Texas Crim. App., 230; 1 Greenleaf on Evi. 13 Ed. sec. 217–218; Anderson's Law Dictionary, p. 266; Burdett v. State, 51 Texas Crim. Rep., 345; 101 S. W. Rep., 988; Trijo v. State, 45 Texas Crim. Rep., 127. On question of admitting testimony as to defendant's declaration about the alleged stick: Phillips v. State, 22 Texas Crim. App., 139; Bennett v. State, 39 Texas Crim. Rep., 639; Godwin v. State, 38 Texas Crim. Rep., 466; 43 S. W. Rep., 336.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of charge on circumstantial evidence cited cases in the opinion.

RAMSEY, JUDGE.—The appellant was indicted in the District Court of Grimes County for the murder of one Charles Mays. On trial in the district court of said county he was convicted of murder in the second degree and his punishment assessed at confinement in the State penitentiary for five years. That he killed Charles Mays is not denied but his claim and contention is that such killing was in self-defense. There was no witness to the homicide except the appellant. The fact of the killing, however, was stated, soon after to many witnesses, by appellant, was confessed on the trial and was sought to be defended against on the ground that his own protection imperatively required him to take the life of his adversary. There are practically three questions raised on appeal.

1. In the first place it is contended that the court erred in refusing to give in charge, appellant's special charge, as follows: "In order to warrant a conviction of a crime on circumstantial evidence, each fact necessary to the conclusion sought to be established, must be proved by competent evidence, beyond a reasonable doubt, all the facts (that is the necessary facts to the conclusion) must be consistent with each other, and with the main facts sought to be proved; and the circumstances taken together must be of a conclusive nature, leading on the whole, to a satisfactory conclusion, and producing in effect a reasonable and moral certainty that the accused, and no other person, committed the offense charged. But in this case it is not sufficient that the circumstances coincide with, account for, and therefore render probable the guilt of the defendant. They must exclude to a moral certainty, every other reasonable hypothesis." It is the contention of the appellant, as we understand, that notwithstanding the fact of the admission of the killing by a defendant, that where, as in this case, all the inculpatory facts are circumstantial and such circumstances are relied upon to show the killing to be unlawful, that a charge on circumstantial evidence is required, even though such killing be confessed, if the confession contains statements exculpating the defendant. There would seem to be some strong reason to support this conclusion, but, as we understand, the decisions of this State are directly opposed to this view and the contrary of the proposition asserted by appellant has been so repeatedly and frequently stated that it is no longer an open question in this State. In the case of Wampler v. State, 28 Texas Crim. App., 352, it is said: "This is not a case which required a charge on circumstantial evidence. State's witness Parker testified directly that the defendant told him that he had stolen the horse in Palo Pinto County from D. D. Anderson, the owner. Although the witness Parker was an accomplice in the theft, this fact did not make the case one dependent wholly upon circumstantial evidence, so as to demand that a charge upon that character of evidence. Willson's Crim. Stats., sec., 2342." Again, in the case of Ricks v. State, 41 Texas Crim. Rep., 676; 56 S. W. Rep., 928, it was held that a failure to charge on circumstantial evidence in a prosecution for burglary, was not error where the State introduced proof of defendant's

confession. Again, in White v. State, 32 Texas Crim. Rep., 625, the court say that on a trial for murder where the State has introduced in evidence defendant's confession that he committed the crime, the court is not required to charge the law as to circumstantial testimony with reference to the other evidence in a case of that character. It has more than once been held that where the act which is claimed to be criminal is proved by direct evidence, but the intent with which it is done depends on circumstantial evidence, a charge on such testimony is not required. Russell v. State, 38 Texas Crim. Rep., 590; 44 S. W. Rep., 159; also see 2 Thompson on Trials, sec. 2505. It is said that the court is not required to charge on circumstantial evidence unless the case is one wholly dependent upon such character of evidence. Puryear v. State, 28 Texas Crim. App., 73; Cooper v. State, 16 Texas Crim. App., 341; Vaughan v. State, 17 Texas Crim. App., 562 and Wright v. State, 18 Texas Crim. App., 358. We think, as presented, the court was not required to charge on circumstantial evidence.

2. On the trial it was shown by the testimony of one Edwards that in a conversation with appellant a short time before the killing and in connection with certain references to the deceased, appellant stated that if anybody should ever do enough to him for him to kill them for, he would lay a chunk or stick down there and make out like they were after him with a stick. This testimony was objected to on the ground that it was irrelevant, immaterial and not pertinent to any issue in the case and was permissible under no rule of law, and was calculated to prejudice the minds of the jury. In approving the bill of exceptions relating to this matter, the court states in his explanation that the conversation detailed by the witness Edwards, according to his testimony occurred Saturday before the killing, and while the statements made by appellant to the witness Edwards with reference to how he could kill a man, etc., did not in terms refer to the deceased, it was in the same conversation in which he had discussed deceased with the appellant and only a short while thereafter, and in a conversation which in its entirety would not cover over fifteen or twenty minutes, and taken in connection with the physical facts at the scene of the difficulty at the time of the finding of the body which had already been introduced in evidence, this testimony was admitted. The evidence in the case showed that when the deceased was found, there was lying beside him a chunk or stick, just as defendant had claimed to the witness Edwards could be done and as he would do. It was claimed by appellant that the killing, which he admitted, was done in self-defense and that at the very moment he shot and killed deceased, deceased was coming on him with a stump in his hand to which was attached a long root, and it was shown that when the parties got to the dead man, they found a stump about three feet long with a root attached to it. We think this evidence was admissible as tending to destroy the force of appellant's testimony that the killing was done in self-defense, and was fabricated and in line with and in pursuance of the prior suggestion of appellant that if he should kill a

man he could lay a stick down by his side and make the claim that such person was attempting to injure him when killed. We are unable to see on what ground it was claimed that this testimony was not admissible. The cases cited by counsel for appellant seem to us not to be in point, or applicable here. The cases cited relate to some idle remark made in the course of a casual conversation, having no connection whatever, or relation, to the crime investigated. Here the testimony offered presents a wholly different aspect. The appellant was talking about the deceased, between whom and himself, there existed enmity. He was telling how he could kill a man and make preparations for defense. When the deceased is found dead there is a chunk or stick lying by his side just as appellant is alleged to have claimed. It appears to us that this testimony was clearly admissible.

3. The next ground of reversal urged by appellant is to the action of the court in admitting the testimony of one McGee to the effect, in substance, that appellant had declared that deceased was in debt to him and in such connection said, "If he don't pay me, I am going to kill him." That he made this statement three times and that in connection therewith, he, McGee, said to him, "Well, now, if you and this old man can't settle this without that, don't you kill him, and if he don't pay you, you turn him off of the place, and don't kill him. If you do, you will be in trouble the balance of your days; and whatever you do, don't kill him." To this, as McGee testified, appellant replied, "He has got me to pay, the old-son-of-a-bitch; and if he don't, I will kill him." We think, as showing motive, ill-will, animosity, grudge and as showing threats, this testimony was admissible.

4. The only other substantial ground presented for reversal, is the complaint that the verdict of the jury and the judgment of the court are contrary to and unsupported by the evidence. We deem it unnecessary to make a statement of the case further than we have already done. We think there was evidence from which the jury were justified in concluding that appellant was guilty and that they were not, under all the circumstances, compelled to attach absolute verity to appellant's claim of self-defense.

Finding no error in the record, the judgment of the court below is in all things affirmed.

*Affirmed.*

Brooks, Judge, absent.