**Leroy COHRON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40116.**

Court of Criminal Appeals of Texas.

Feb. 15, 1967.

Rehearing Denied April 12, 1967.

John F. Evans, Breckenridge, for appellant.

T. J. Rodgers, Dist. Atty., Graham and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, 4 years.

Trial was before a jury on a plea of not guilty. The jury having found appellant guilty, he and his counsel elected to have the court assess the punishment.

█ The first ground of error presented by appellant's brief, filed in the trial court, is that the indictment is fatally defective in that it alleged only that a corporation occupied and controlled the building alleged to have been burglarized, and the personal property therein.

The charging portion of the indictment alleged:

"Leroy Cohron, who is hereinafter called 'Defendant', did then and there unlawfully break and enter a house then and there occupied and controlled by Heairren & Rogers, Inc., a corporation, O. C. Heairren, president, who is hereinafter called 'Injured Party', with intent then and there to fraudulently take therefrom corporeal personal property therein being and then and there belonging to the said injured party, from the possession of the said injured party, without the consent of the said injured party, and with the intent then and there to deprive the said injured party of the value of same and to appropriate it to the use and benefit of him the said defendant."

There was no motion to quash or exception to the indictment.

While we do not recommend the form in which it was drawn, we conclude that in the absence of an exception or motion to quash, the indictment sufficiently alleged the ownership of the house in the president of the corporation as well as in the corporation.

The principal case cited by appellant to support his contention that the indictment was fatally defective is Ricks v. State, 41 Tex.Cr.R. 676, 56 S.W. 928. The court in that case stated that the possession of the corporation is the possession of its officers.

The second ground of error relates to the sufficiency of the evidence.

The state relied upon circumstantial evidence and the court so charged the jury.

Viewed from the standpoint most favorable to the state, the evidence reflects the following:

Dean Morales, night watchman, testified that shortly after 10:30 P.M. he heard two men talking and saw an automobile in the parking area some 25 feet from the back door of the building alleged to have been burglarized. Appellant was under the steering wheel attempting to start the car. John Crawford had the hood raised and "was trying to wire it up." Crawford said that he had lost his car keys.

Eight automobile tires and some tools that were later identified as missing from the building were inside the car.

Morales saw the tires and, upon investigation, found the back door of the building open; a window broken and saw "where the tires had been taken out beside the window."

When he discovered that the building had been broken into, he "went running up to the car where it stalled in the alley"; placed appellant under arrest and "walked him to City Hall."

The undisputed evidence shows that the eight automobile tires and the tools found in the back seat of the car were taken from the building alleged to have been burglarized without the consent of O. C. Heairren, president of the corporation, who had control of its property.

The evidence also shows without dispute that the automobile in which the tires were found belonged to John Crawford.

■ We find the evidence sufficient to sustain the conviction.

The third ground of error is the refusal of appellant's requested charge No. 1 which relates to possession of recently stolen property.

We see no error. 5 Branch's Ann.P.C. 2d, Section 2652.

The fourth ground relates to the failure of the court to charge on the law of principals.

■ This claim of error was not raised by objection to the court's charge or by a requested charge. We observe, however, that there is nothing in the record to suggest that appellant was harmed or prejudiced by the absence of a charge on the law of principals.

The fifth and most serious ground of error relates to the failure of the trial judge to declare a mistrial because of questions propounded by the district attorney on cross-examination of appellant as to whether he had been charged with burglary in Wichita County and whether he had been convicted of "D.W.I."

Appellant testified that he came to Breckenridge with John Crawford early in the day; that he was drunk, and the last he remembered was when he and John Crawford left the "Busy Bee Beer Joint" to go to the car.

He testified that he had no control over the car; had nothing to do with anything being taken out of the building; did not break the glass window or go into the building; that he did not drive the car that night.

Asked as to the night watchman's testimony that he saw him trying to start the car, appellant testified that nothing like that happened.

He further testified that the next thing he remembered, after leaving the Busy Bee, was when the night watchman woke him up and arrested him. He denied knowing that the tires and other property piled in the back seat were in the car until he was wakened and arrested.

On cross-examination he testified that he did not know whether he went into the

building or not; whether he took anything out of the building or not, or whether he was trying to start the car or not, at the time the watchman arrived, and testified:

"Q. You don't know if you were asleep or not?

"A. I know I was drunk. That's all I know and I would call it asleep or passed out, whichever one you want to call it."

■ Neither intoxication nor temporary insanity of mind produced by the voluntary recent use of ardent spirits, intoxicating liquor or narcotics shall constitute any excuse for the commission of crime. Art. 36 Vernon's Ann.P.C.

For impeachment purposes, appellant was asked how many times he had been to the penitentiary and he answered one time for forgery, in 1949. He was then asked: "Were you not also charged with burglary in Wichita County?"

Before any objection was made or any answer was given, the court intervened saying: "Now gentlemen, you can't prove what he was charged with." Appellant's counsel then objected to the question as being prejudicial and the court sustained the objection. Motion was then made that the question be stricken and the jury told not to consider the question for any purpose, and the court so instructed the jury.

Appellant's counsel then moved for mistrial "on account of the prejudicial testimony offered," which motion was overruled.

In the absence of the jury, appellant was asked whether or not he had been convicted of burglary of a private residence in Wichita County, to which he answered: "Well, I'm still being tried on it. I've got a reversal and remanded and I'm still being tried on it."

■ The charge not having resulted in a final conviction, the question as to whether appellant was charged with burglary in Wichita County was improper. Art. 38.29 Vernon's Ann.C.C.P.

There is nothing in the record to show that the district attorney was aware of the fact that the conviction upon the charge of burglary of a private residence in Wichita County had been reversed when he asked the question.

The district attorney, also for impeachment purposes, asked appellant: "Q. You have been convicted for D.W.I. have you not?" to which appellant answered: "Yes, sir."

The court intervened before any objection was made. In the absence of the jury the record was made to show that the court sustained objection to the question of whether appellant had been convicted of D. W.I. and that appellant moved for mistrial on account of both questions asked in the jury's presence being so prejudicial that the error could not be remedied.

The court overruled the motion for mistrial, stating that he did not know whether the conviction inquired about was a felony or not, and correctly pointing out that a misdemeanor conviction for driving while intoxicated did not involve moral turpitude and would not be admissible for impeachment purposes. Gibbs v. State, Tex.Cr. App., 385 S.W.2d 258.

The objection as to the D.W.I. conviction was not timely made. Bell v. State, 160 Tex.Cr.R. 538, 272 S.W.2d 888.

■ Under the record, and in the absence of any showing of bad faith or whether the conviction inquired about was a felony or a misdemeanor, the failure of the trial court to grant the motion for mistrial does not warrant reversal.

It should be clearly understood that we are here dealing with testimony offered for impeachment purposes in a trial on the question of guilt or innocence, and not evidence introduced at a hearing on the ques-

tion of punishment only, as to prior criminal record of the defendant. Art. 37.07, Section 2(b) C.C.P.

No reversible error appearing, the judgment is affirmed.