Juliet Pickett **SLOAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48974.

Court of Criminal Appeals of Texas.

Nov. 6, 1974.

Rehearing Denied Dec. 11, 1974.

**914**

Phil Burleson and Robert T. Baskett, Dallas, for appellant.

Henry Wade, Dist. Atty., and John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder. Punishment was assessed by the jury at twenty (20) years.

At the outset, appellant contends that the prosecutor's argument that a statement made by appellant to another was uncontroverted constituted a comment upon the failure of appellant to testify and requires reversal.

The record reflects the following occurred during the argument of the prosecutor:

"[Prosecutor] Let's move on now to December. Let's consider what you know, what you know this woman [appellant] said in December, and what her financial worries were then. She was visiting with Barbara Sloan, and this testimony is completely uncontroverted. What does she say to Barbara Sloan? She says, 'Archie [deceased and the husband of appellant] is the only man that can ruin me financially—

"[Defense counsel] Excuse me, Your Honor. I'm going to have to object to the statement that Mr. Yett just made as being a comment in direct violation of the Court's instructions, there being no

other witness to contradict that statement that was allegedly made by Barbara Sloan. And we ask the Court to strike that statement from the record and grant us a mistrial at this time.

"[Prosecutor] Amparo, the maid, was there I believe was the testimony.

"[Defense counsel] There were no other witnesses within earshot according to the testimony of Barbara Sloan. She testified that they were in the living room, outside the hearing of any other person in the house, and the secretary was upstairs at that time.

"We ask for a mistrial.

"[The court] What was your statement, Mr. Yett?

"[Prosecutor] I said that the maid, Amparo Vicencio, was in the house and was present.

"[Defense counsel] There was no evidence of any other person heard that statement.

"[The court] I am going to overrule your objection. It's the jury's responsibility to recall the testimony.

"[Defense counsel] Note our exception to the Court's ruling.

"I also move for a mistrial, Your Honor.

"[The court] All right. Denied.

"[Defense counsel] Note our exception to that ruling.

"[Prosecutor] Think about what she says to Barbara Sloan. She says, 'Barbara, Archie is the only man who can ruin me financially. I have been poor once, and I am not going to be poor again. I will have him killed, and Johnnie Stone is just the man who can do it. . . .'"

The court in its charge instructed the jury not to discuss or consider the failure of the appellant to testify. Appellant did not apprise the court that the argument was an alleged reference to the appellant's failure to testify. The court's charge was lengthy and contained many instructions. In addition, numerous motions were filed prior to trial which resulted in instructions by the court. In Hendrix v. State, Tex. Cr.App., 474 S.W.2d 230, this Court held that the contention of defendant that a statement of the prosecutor amounted to a comment on defendant's failure to testify could not be considered on review where defendant's only objection in the trial court was that it violated the court's instruction. Similarly, in Jackson v. State, Tex.Cr.App., 501 S.W.2d 660, the defendant objected, "We are going to object, Your Honor, on Motions heretofore filed, as the Court is well aware and move for a Mistrial." This Court held that the foregoing was not sufficient to advise the court that the prosecutor's statement was a reference to defendant's failure to testify.

It follows that appellant's objection in the instant case that "the statement that Mr. Yett just made as being in direct violation of the court's instructions" is not sufficient to preserve anything for review on the ground now urged. Thus, the question becomes one of whether that portion of the objection, "there being no other witness to contradict that statement that was allegedly made by Barbara Sloan," was sufficient to apprise the trial court that appellant was objecting to an alleged reference to the appellant's failure to testify. While an objection that the prosecutor's argument constitutes a reference to the failure of an accused to testify may very well call the attention of the jury to the fact that the defendant has not testified, this possibility does not relieve the defendant of the responsibility of voicing an objection specific enough to inform the court about the basis for his complaint. The record set out above reflects that an argument between counsel followed as to whether anyone else was present when the statement in question was made, and the court, after overruling appellant's objection, stated, "It's the jury's responsibility

to recall the testimony." The comment by the court is an unlikely response to ·an objection that the prosecutor's argument constituted a reference to appellant's failure to testify. While the presence of a third party is often a factor in determining whether a reference is made to an accused's failure to testify, an objection which only voices the complaint that no other person was present is not sufficient to inform the court that a defendant is objecting to a reference to the failure of defendant to testify. We conclude that the objection voiced in the trial court cannot be considered the same as the contention urged on appeal. This Court has repeatedly held that the grounds of error in one's appellate brief must comport to the objections by counsel at trial. Campbell v. State, Tex. Cr.App., 492 S.W.2d 956; Gondek v. State, Tex.Cr.App., 491 S.W.2d 676; Rawlinson v. State, Tex.Cr.App., 487 S.W.2d 341. Nothing is preserved for review.

Appellant contends the court erred in refusing to instruct the jury on the law of circumstantial evidence.

Dr. Buck Wynne, Jr. testified that he received a telephone call from appellant about midnight on the date in question in which she stated, "Buck, you have got to come help me. I think Archie [deceased] is dead. I think I may have killed him." Upon arrival at appellant's home, Dr. Wynne pronounced deceased dead. Visual inspection of the body revealed two puncture wounds.

The record reflects that Larry Gentry of the Highland Park Police Department was the first person to arrive at the Sloan residence. The pertinent portion of his testimony is as follows:

"Q. Now, during your examination, let me ask you if the Defendant was present?

"A. Yes, she was.

"Q. Let me ask you if she said to you, 'I stabbed him with a switchblade knife?'

"A. Yes, sir, she did."

On cross-examination of Gentry, the record reflects the following:

"Q. What was the rest of the statement, Officer Gentry?

"A. While I was checking the body for signs of life, she stated, 'He cut my finger off. He was drunk. He did not know what he was doing. I stabbed him with a switchblade knife in self-defense.'"

Gentry further testified that he found a switchblade knife under a table in appellant's home. Dr. William Sturner, Medical Examiner for Dallas County, testified that an autopsy revealed three puncture wounds on the deceased's body which were identified as stab wounds. Dr. Sturner stated that in his opinion the cause of death was stab wounds in the chest and abdomen.

■ A charge on circumstantial evidence need not be given where there is evidence of an admission of the accused that he killed the deceased. Swift v. State, Tex.Cr.App., 509 S.W.2d 586; Hogan v. State, Tex.Cr.App., 496 S.W.2d 594; Corbett v. State, Tex.Cr.App., 493 S.W.2d 940; Steel v. State, Tex.Cr.App., 459 S.W.2d 649.

Appellant urges that the main fact to be proved is the voluntary killing of the deceased, and that an act done in self-defense could hardly be considered voluntary. We find appellant's reliance on the recent case of Eiland v. State, Tex.Cr.App., 509 S.W.2d 596, to be misplaced. In *Eiland,* this Court reversed a murder conviction for failure to charge on circumstantial evidence where the only evidence of defendant's guilt was prints found on the window and windowsill of the room where deceased was found.

In Barnes v. State, 53 Tex.Cr.R. 628, 111 S.W. 943, there was testimony of admissions by the defendant that he had killed the deceased. Each admission was qualified with a recital that the killing was in

self-defense. The defendant urged that a charge on circumstantial evidence was required, even though the killing was confessed, when the confessions contained statements exculpating the accused. The Court rejected this argument and held in *Barnes* "where the act which is claimed to be criminal is proved by direct evidence, but the intent with which it is done depends on circumstantial evidence, a charge on such testimony is not required."

In Smith v. State, Tex.Cr.App., 470 S.W.2d 696, the defendant admitted killing his brother, but stated that it was an accident. Complaint was made of the trial court's refusal to charge on circumstantial evidence. In rejecting this contention, this Court held:

"Direct testimony from any source that the accused was an actor in bringing about the death of the deceased characterizes the case as one of direct and not circumstantial evidence. Miers v. State, 157 Tex.Cr.R. 572, 251 S.W.2d 404.

" . . . Where the only element proved by circumstantial evidence is that of intent, no charge upon circumstantial evidence is required. Barber v. State, Tex.Cr.App., 462 S.W.2d 33; Doswell v. State, 158 Tex.Cr.R. 447, 256 S.W.2d 416."

See also 4 Branch's Ann.P.C., Sec. 2050 (2d ed.1956), and cases cited therein.

■ We reject appellant's contention that the court erred in refusing to instruct the jury on the law of circumstantial evidence.

Appellant contends the court erred in admitting, over objection, photographs of the body of the deceased taken at the scene of the homicide.

Photographs of the body of the deceased were introduced into evidence after the court overruled appellant's objection that they were inflammatory, calculated to in-

cite the emotions of the jury, and solved no disputed fact issue.

■ The pictures were competent, material, and relevant to the issue. Clearly, a verbal description of the body and scene was admissible. It follows that photographs depicting same were admissible.

Appellant concedes that this Court's holding in Martin v. State, Tex.Cr.App., 475 S.W.2d 265, and numerous decisions following *Martin* are adverse to her contention, but urges that this Court reconsider its decision in *Martin* in light of "fundamental ideals of justice and due process." We find no merit in this contention.

Appellant contends that the evidence is insufficient to support the conviction for the reason that the testimony that appellant acted in self-defense is not controverted.

Appellant presents a two-fold argument. She first urges that Officer Gentry's testimony relative to appellant's admission that she stabbed appellant is without probative value. Our disposition of appellant's second ground of error is adverse to this argument. Appellant urges if the testimony of the officer relative to appellant's admission is direct evidence, then self-defense was established by the State and no controverting evidence was presented. Appellant's position appears to be that when the State introduced an admission of the crime which contained an exculpatory statement, it was bound to disprove it. See Pope v. State, Tex.Cr.App., 505 S.W.2d 556.

Barbara Sloan, daughter-in-law of the deceased, testified that she visited appellant in December, 1972 (prior to the death of deceased on January 24, 1973), and that appellant told her "that my father-in-law was the only person that could ruin her financially and if he did, she could—she would have him killed."

On January 7, 1973, Barbara Sloan visited appellant and stated that on this occasion appellant again stated that, "Your father is the only person that can ruin me fi-

nancially and if he did that, I would kill him."

Barbara Sloan further testified:

" . . . I asked her [appellant], I said, 'You don't really mean that, do you? and she said, 'Oh, yes, I do.' She said, 'I would stab him [deceased] to death with a knife. Don't worry, I am capable of it.' "

The foregoing antecedent threats made by appellant against the deceased showed intent and malice [1] and constitute evidence sufficient to disprove the exculpatory statement Officer Gentry related that appellant made. A jury may look to all the evidence in determining the facts and issues in the case. We conclude that the jury had sufficient evidence to conclude that the stabbing of the deceased was not in self-defense.

In her last contention, appellant urges that the court erred in failing to charge the jury on the law of partial delusions.

The requested charge was dictated to the court reporter. This Court has consistently held that an appellant's contentions are not before this Court for consideration where neither written objection to the court's charge nor a written request for the charge desired was timely filed with the court. Articles 36.14 and 36.15, Vernon's Ann.C.C.P.; Nichols v. State, Tex.Cr.App., 494 S.W.2d 830. Objections and requested charges dictated to the court reporter are not sufficient to preserve error. Peterson v. State, Tex.Cr.App., 508 S.W.2d 844; Louden v. State, Tex.Cr.App., 491 S.W.2d 168; Ross v. State, Tex.Cr.App., 486 S.W.2d 339.

No error is shown.

The judgment is affirmed.

Opinion approved by the Court.

1. See Hartman v. State, Tex.Cr.App., 507 S.W.2d 553; Porter v. State, 154 Tex.Cr.R. 540, 229 S.W.2d 68.