# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00479-CR

**John Everett Fitch, III, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. CR-09-0984, HONORABLE GARY L. STEEL, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

John Everett Fitch, III appeals his conviction for the offense of indecency with a child by contact. In three points of error, Fitch asserts that his trial counsel rendered ineffective assistance by failing to object to the State's elicitation of inadmissible expert opinion testimony and that the trial court erred in admitting hearsay statements during the guilt/innocence phase and in considering the State's improper closing argument during the punishment phase of trial. We will overrule Fitch's points of error and affirm the judgment of conviction.

### BACKGROUND

A grand jury indicted Fitch for the felony offense of indecency with a child by contact. The question of Appellant's guilt or innocence was submitted to the jury.

At trial the complainant testified that Fitch started fondling her breasts when she was twelve years old. She testified that on several occasions, usually while she was wearing pajamas

without a bra, Fitch would lift up her shirt, squeeze her breasts, and compliment her on them. He continued this touching over a period of almost a year, during his off-and-on relationship with the complainant's mother, when he intermittently resided with the complainant and her mother. The complainant also testified that, on occasion, Fitch also tried to look down her pants by tugging at her waistband.

The complainant's mother testified as an outcry witness and corroborated the complainant's testimony. Witnesses also included the two police officers who first responded to the report of abuse and the child-abuse investigator. Fitch fled to Mexico on the second day of trial. The trial proceeded, and the jury convicted Fitch in absentia. Fitch was arrested in Mexico and was returned to Texas. The punishment phase of trial was submitted to the trial court, after which Fitch was sentenced to twenty years' imprisonment.

## DISCUSSION

**Ineffective assistance of counsel**

Fitch's first point of error alleges that his trial counsel rendered ineffective assistance by failing to object to testimony from the child-abuse investigator, Detective Jeri Skrocki. The alleged errors arise from the State's line of questioning seeking Skrocki's opinion about why some children make a delayed outcry. After a lengthy hearing outside the jury's presence, the trial court sustained Fitch's objection and restricted the State to asking questions such as: whether Skrocki considered what the complainant's motivation might have been; whether there were any events that may have been motivating factors for the outcry; and what might have been the greatest motivating

factor in this case. The trial court summarized its ruling: "What you cannot ask is [Skrocki's] ultimate opinions as to why [the complainant] came forward."

Immediately after this hearing, the jury was brought back in, and the State continued the direct examination of Skrocki. After asking Skrocki about whether she had investigated the possibility of malicious motivations for the complainant's outcry and her conclusions about such motives in this case, the State elicited the following testimony:

> State: Okay. Did you look at - - we had talked earlier about perpetrators having greater access to a child at a certain point in time. Did you look at that as possibly being a potential motivator in this case [for the complainant] coming forward?
>
> Witness: Yes, I did.
>
> State: And what, if any, conclusion did you come to with regard to that as a potential motivator?
>
> Witness: I thought that could be possible, yes, ma'am.
>
> State: And what in particular with regard to this defendant did you - - was the motivator that you knew about through your investigation?
>
> Witness: That he was going to have access by moving into the residence on a full-time basis.
>
> State: Okay. Relatively close in time to [the complainant's] outcry?
>
> Witness: Yes, ma'am.

Defense counsel did not object to the above testimony, and it is such failure that Fitch alleges amounted to ineffective assistance. Fitch claims no other errors by his trial counsel.

3

A defendant in a criminal case is entitled to reasonably effective assistance of counsel. *Ex parte Duffy*, 607 S.W.2d 507, 513 (Tex. Crim. App. 1980). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the defendant has the burden to overcome the presumption that the challenged action was part of counsel's sound trial strategy. *Strickland v. Washington*, 466 U.S. 668, 689 (1986). The test for ineffectiveness requires a two-step analysis: First, did the attorney's acts or omissions fall below an objective standard of reasonableness under prevailing professional norms? If so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different? *See Strickland*, 466 U.S. at 690, 695; *Hernandez v. State*, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986). An isolated failure to object generally will not constitute ineffective assistance. *Hicks v. State*, 837 S.W.2d 686, 692-93 (Tex. App.—Houston [1st Dist.] 1992, no writ).

Based on this record, which is silent as to trial counsel's strategy, and in light of the presumption that counsel's representation was competent, we conclude that Fitch has not met his burden to show that his counsel's one failure to object was outside the range of reasonable professional assistance. After a lengthy hearing in which trial counsel zealously advocated to keep Skrocki's opinion testimony from being admitted, the trial court specifically approved of the line of questioning in which the prosecution subsequently engaged. The State's questions and Skrocki's responses fell appropriately within the trial court's ruling and were not inadmissible expert opinion testimony on the complainant's state of mind. Specifically, the testimony was a clarification of how

the generic potential motivator of a perpetrator having greater access to a child applied to the specific facts of this situation and was necessary to assist the jury's understanding of Skrocki's investigation.

However, even if the State's questions were improper and defense counsel failed to meet objective standards of professionalism in failing to object, we cannot conclude that the result of the proceedings would have been different but for the error. Fitch argues that this prong has been met because Skrocki's testimony improperly "bolstered" the complainant's credibility. Undoubtedly, an expert's direct testimony as to the truthfulness of a witness is inadmissible, as it does more than assist the trier of fact to understand the evidence or to determine a fact in issue and, rather, decides an issue for the jury. *Yount v. State*, 872 S.W.2d 706, 709-10 (Tex. Crim. App. 1993). However, Skrocki did not testify directly or indirectly about the complainant's credibility, nor was her testimony offered solely to enhance the complainant's credibility. *See Rivas v. State*, 275 S.W.3d 880, 886 (Tex. Crim. App. 2009). We overrule Fitch's first point of error.

**Hearsay**

Fitch's second point of error asserts that the trial court improperly admitted the complainant's hearsay statements to Detectives Brandon Hale and Kenneth Carpenter, who were the responding officers to the complaint of sexual abuse.

We review a trial court's decision to admit evidence over objection, including alleged hearsay evidence, for an abuse of discretion. *Apolinar v. State*, 155 S.W.3d 184, 186-87 (Tex. Crim. App. 1994). An abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

5

The record reflects the following with respect to the State's direct examination of Hale:

State: Now Detective Hale, you said that you - - at some point you were speaking with [the complainant] about what?

Defense: Objection, Your Honor.

State: It's just generally, not saying what she said specifically.

Defense: Again, Your Honor, I will object to hearsay.

Court: It's overruled. Just speaking generally, the general subject of your conversation.

Witness: About her being touched by an individual.

State: And through your continued investigation were you able to ascertain any information that led you to a suspect in this case?

Witness: Yes. She identified the - -

Defense: Your Honor, I'm going to object to hearsay here.

Court: Overruled.

Witness: She identified the subject as—touched her as Mr. Fitch, her boyfriend—her mother's boyfriend.

We conclude that the above-referenced testimony was not hearsay because it was not offered to prove the out-of-court statement. *See* Tex. R. Evid. 802; *Schaffer v. State*, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989). The trial court did not abuse its discretion in admitting the testimony because the evidence could reasonably be construed to have been offered

to prove how Hale's investigation led him identify the defendant as a suspect and inform his determination of how to further investigate the complaint. *See Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995); *McCreary v. State*, 194 S.W.3d 517, 521 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Furthermore, the improper admission of evidence does not constitute reversible error if the same facts are proved by other properly admitted evidence. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). Besides Hale's testimony, both the complainant and her mother, the outcry witness, testified without objection to the same evidence about which Fitch complains: that Fitch was identified by the complainant as her assailant. Thus, even if Hale's testimony were inadmissible hearsay and the trial court abused its discretion in admitting it, such admission does not constitute reversible error.

In the same point of error, Fitch complains that the following testimony of Detective Carpenter was also hearsay:

| State: | Okay. And let's talk about physical evidence. You were aware of what the allegations entailed in this case, right? |
|---|---|
| Witness: | Yes. |
| State: | And what was your understanding of what the allegations were? |
| Witness: | It was inappropriate contact. |
| State: | With what? |
| Witness: | A child. |

State: Okay. By doing what, do you recall?

Witness: Touching - -

Defense: Your Honor, I'm going to get - - I have an objection. This is hearsay because this all - -

. . . .

Court: Wait. Okay. Stop. The objection is hearsay. It's overruled.

State: What was your understanding of the type of touching that was alleged?

Witness: Contact of [the complainant] under her shirt, touching her breasts.

State: Okay. So you say that you have had some training with regard to sex offenses against children. Okay. If someone touches a child's breasts with their hands, tell this jury what kind of physical evidence are you going to have to collect.

Witness: From the time the offense occurred and the time that we were taking the report, absolutely none.

As with Hale's testimony, we conclude that the trial court could reasonably have concluded that Carpenter's testimony was offered not to prove the truth of the matter asserted (that Fitch touched the complainant's breasts), but to explain the type of physical evidence they would expect to find. The admissibility of Carpenter's testimony was within the "zone of reasonable disagreement," and the trial court did not abuse its discretion in admitting it. Furthermore, as with Hale's testimony, even if the trial court erred in admitting Carpenter's testimony, such error is not reversible because substantially the same facts were proven by the unobjected-to testimony of the

8

complainant and her mother. *See Burks*, 876 S.W.2d at 898. Accordingly, we overrule Fitch's second point of error.

**Improper closing argument regarding defendant's alleged lack of remorse**

Fitch's third point argues that the trial court erred in considering the State's closing argument during the bench trial on punishment that Fitch had not shown remorse for his conduct, which argument he alleges was equivalent to an impermissible comment on his constitutional privilege against self-incrimination. *See* Tex. Const. art. I, § 3; Tex. Code Crim. Proc. art. 38.08. The State contends that Fitch's objection was not specific enough to inform the trial court of the nature of the objection; the argument was not improper; and in any case, there was no harm because the argument was made to the trial judge rather than a jury.

Fitch complains about the following closing argument:

State: A couple of things, Your Honor. First of all, I mean look at him. When he came to trial he was gray headed and he had a gray beard. You can look at him and see that he dyed his hair. He dyed his beard. You can see where it's even growing out. That again goes to show his intent to hide himself and to secrete himself away from justice.

And what you can consider - - what any court can consider in determining punishment is the same things that any jury can consider. You can consider his criminal history. That's significant. This man is a predator on children in both physical abuse and sexual abuse he has inflicted on children.

You can consider his actions. He fled during the middle of his trial. He purposely tried to secrete himself away. He stands here silent while his counsel

9

tells you that he did it because he was afraid. Well, he may well have been afraid of facing the music for what he did. That's what you should assume.

Court: So we're clear, he was talking about what a witness said, not that his client said.

Defense: That's correct, Your Honor.

State: You can also consider his lack of remorse. He showed no remorse during the whole entirety of his probation period for the injury to a child. He has shown no remorse whatsoever to - -

Defense: Your Honor, I will object to speculation on that. I mean where is counsel getting that statement?

Court: We are in argument. I'm going to overrule all of your objections. I was there. I've done this before. I understand what argument is and I understand what the facts are. Objection, overruled.

You can proceed.

State: He's shown - - he's shown no remorse for anything that he's done. He's shown no rehabilitation. In fact, he went on to commit even more heinous crimes after he completed his probationary period.

Earlier during the State's argument, the trial judge expressed his concern with the fact that Fitch had fled to Mexico during the guilt/innocence phase of the trial and, after Fitch stipulated to that fact, the judge stated that he would make his "own determination" about Fitch's "consciousness of guilt." The State argued about the conclusions one might draw from Fitch's flight

10

and entered into evidence criminal records showing Fitch's prior felony conviction for injury to a child by breaking a two-year old's femur. The State urged for the maximum sentence of twenty years.

We agree with the State that Fitch's trial objection as to "speculation" was not specific enough to preserve the error he now raises alleging impermissible comment on his failure to testify. *See* Tex. R. App. P. 33.1(a); *Earnhart v. State*, 582 S.W.2d 444, 449 (Tex. Crim. App. 1979) (objection of "not a proper argument" held not specific enough to preserve complaint that argument was comment on defendant's failure to testify); *Sloan v. State*, 515 S.W.2d 913, 915-16 (Tex. Crim. App. 1974) (objection that no witness could rebut defendant's alleged statement held not sufficient to preserve complaint about comment on failure to testify); *Levingston v. State*, 651 S.W.2d 319, 323 (Tex. App.—Dallas 1983, writ ref'd) (per curiam) (objection to closing argument must inform trial court of basis of objection, affording judge opportunity to rule and cure any harm). A plain reading of the transcript reveals that Fitch's objection was to "speculation," that is, to the State's alleged attempt to inject facts not properly admitted into evidence. We cannot conclude that Fitch's objection as presented on appeal was apparent from the context. Moreover, the trial court's response and ruling reveals no indication that the trial court interpreted the defendant's objection as involving his constitutional privilege to be free from self-incrimination, and we note that defense counsel did not seek to clarify the grounds for his objection, redirect the court's

attention to a different ground, or press for further relief.[1]  Therefore, Fitch has not preserved the

error for our review, and we accordingly overrule his third point of error.

## CLERICAL ERROR IN JUDGMENT

Lastly, we observe that the judgment of conviction contains a clerical error.

Specifically, the judgment erroneously identifies the defendant as "John Everett Fitch" instead of

"John Everett Fitch, III."  This Court has the authority to modify incorrect judgments when the

necessary information is available to do so.  *See* Tex. R. App. P. 43.2(b); *Bigley v. State*,

865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).  Accordingly, we modify the judgment of conviction

to reflect that the defendant's name is "John Everett Fitch, III" and affirm the judgment as modified.

## CONCLUSION

For the foregoing reasons, we overrule all three of Fitch's points of error, modify the

judgment of conviction as noted above, and affirm the judgment as modified.

---

[1] Additionally, we observe the argument here was made to the judge, not a jury, and we must presume that it could not have been calculated to inflame the mind of the judge, a person whom we must presume was well informed of the defendant's constitutional privilege against self-incrimination.

12

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Modified and, as Modified, Affirmed

Filed:   February 26, 2014

Do Not Publish